UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMAN MOHAMMED KHOSHNAW,<br><br>Petitioner,<br><br>v.<br><br>US DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondent. | CASE NO. C13-846 MJP<br><br>ORDER DENYING REPORT AND RECOMMENDATION IN LIGHT OF SUBSEQUENT EVENTS AND DISMISSING CASE AS MOOT |

This matter is before the Court on Respondent's Objections to the Report and Recommendation ("R&R") issued by the Honorable Magistrate Judge Donohue. (Dkt. No. 16.) The Objections contend that events occurring after the filing of the R&R warrant the Court's departure from the R&R and dismissal of Petitioner's case as moot. The Court agrees and dismisses Petitioner's case as moot.

Petitioner brought his action for relief under the writ of habeas corpus challenging the lawfulness of his immigration detention under 8 U.S.C. §1226(c). (Dkt. No. 1 at 1.) The relief sought by Petitioner was that Respondents be "temporarily restrained from detaining" him during

ORDER DENYING REPORT AND
RECOMMENDATION IN LIGHT OF
SUBSEQUENT EVENTS AND DISMISSING
CASE AS MOOT- 1

1  the pendency of his immigration proceedings and that they be "permanently enjoined" from

2  holding him without bond. (Dkt. No. 1 at 8.) The R&R, issued on September 9, 2013,

3  recommended granting the petition for writ of habeas corpus. (Dkt. No. 15 at 1.) At the time the

4  R&R was filed, Petitioner remained detained without bond. (Id. at 5.)  On September 17, 2013,

5  an immigration judge set bond at $10,000 for Petitioner. (Dkt. No. 16-1 at 2.) Petitioner did not

6  post bond, and remained detained until his merits hearing before an immigration judge on

7  September 25, 2013. At the merits hearing Petitioner was granted deferral of removal under

8  Article III of the Convention Against Torture. (Dkt. No. 16-2 at 2.) Petitioner was released from

9  custody on an order of supervision on September 26, 2013. (Dkt. No. 16-3 at 2.)

10       A petition for habeas relief becomes moot when the petitioner no longer has a personal

11  stake in the outcome of the suit. Spencer v. Kemna, 523 U.S. 1,7 (1998). A habeas petition fails

12  to present a live controversy after the petitioner is released from custody unless "collateral

13  consequences" remain which may be redressed by the success of the petition. Id. at 7. Courts in

14  the Ninth Circuit have found where a petitioner is released from detention and granted deferral of

15  removal under the Convention Against Torture, his habeas case becomes moot. Rahim Azizarab

16  v. Lee, 2011 U.S. Dist. LEXIS 152754, *7 (C.D. Cal. Dec. 16 2011). Further, where a habeas

17  petitioner only challenges his detention without bond, his release on an order of supervision

18  moots his challenge. See, Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007).

19       Petitioner's detention does not have collateral consequences that can be resolved by the

20  success of his original petition. Because Petitioner is released from custody under an order of

21  supervision and because he was granted deferral of removal under the Convention Against

22  Torture, his habeas petition is DISMISSED as MOOT.

23

24

ORDER DENYING REPORT AND
RECOMMENDATION IN LIGHT OF
SUBSEQUENT EVENTS AND DISMISSING
CASE AS MOOT- 2

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 1st day of November, 2013.

3

4

5                                                   _____
                                                    Marsha J. Pechman
6                                                   Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING REPORT AND
RECOMMENDATION IN LIGHT OF
SUBSEQUENT EVENTS AND DISMISSING
CASE AS MOOT- 3